**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MOHAN JATTAN,

                Plaintiff,

              - against -

FARM DAP INC., et al.,

                Defendants.
-------------------------------------------------------------X

**ORDER**

CV 07-1563 (FB) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Mohan Jattan ("Jattan") filed this personal injury action against defendants Farm Dap Inc. ("Farm Dap"), Parkinson Transports, Inc. ("Parkinson"), and Glenn A. Price ("Price") in the Supreme Court of the State of New York, County of Kings, on December 14, 2006. Docket Entry ("DE") 1 (including, among other documents, Parkinson and Price's Notice of Removal ("Notice") and the Jattan's Verified Complaint ("Complaint")). On April 17, 2007, defendants Parkinson and Price filed a notice pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that the removing defendants have not satisfied their burden of establishing that this court has original jurisdiction, that all defendants have consented to the removal, and that the amount in controversy in this case exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally DeMarco v. MGM Transp., Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

      A.    <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, such a defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). In addition, all defendants must consent to removal, although such consent is not required from defendants who have not been served with process at the time the removal notice was filed. *See, e.g., Anglada v. Roman*, 2006 WL 3627758, at *2 (S.D.N.Y. Dec. 12, 2006).[1]

With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must carry that burden by "proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter &*

---

[1] The Notice filed by Parkinson and Price, does not assert that defendant Farm Dap has consented to the removal of this case, nor does the Notice attempt to show that Farm Dap's consent is not required because it has not been served with process.

*Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if complaint does not establish amount in controversy, "the court may look to the petition for removal").

      B.    <u>The Effects Of New York's Procedural Law On Removal To Federal Court</u>

Jattan's complaint does not specify the amount of damages sought, and for good reason. New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury case like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that a motor vehicle owned by the defendants and operated by Price came "in contact" with Jattan's motor vehicle, causing him to sustain "injuries and damages," Complaint ¶¶ 18-19 – the Complaint employs boilerplate language to assert the extent of Jattan's injuries and that the damages exceed the relevant jurisdictional limits of lower state courts. *Id.* ¶¶ 19-24.

In describing Jattan's injuries, the Complaint's most specific allegation is that Jattan "was seriously injured." *Id.* ¶ 22. Although I can infer from these allegations that Jattan may seek a substantial recovery if the defendants' liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)).

The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "[u]pon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs." Notice ¶ 3(g). This conclusion is presumably based on the Complaint's allegations that Jattan sustained "injuries and damages" as a result of

3

the crash. Complaint ¶ 19. Even assuming these assertions to be true, however, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that the Jattan seek as a result of his injuries – exceeds $75,000.

Accordingly, I conclude that the pleadings now before the court do not satisfy the corporate defendants' burden to establish the existence of federal jurisdiction. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

The removing defendants are not without recourse. The same state law provision that prohibited Jattan from including an allegation in his complaint that might support a sufficient notice of removal also provides a procedural mechanism by which the corporate defendants can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2).

Nor are the corporate defendants prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. Defendants must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendants receive "an amended pleading, motion, order or other paper

4

from which it may first be ascertained that the case is one which is or has become removable." *Id*.; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendants to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

Had the removing defendants taken advantage of the provisions of C.P.L.R. § 3017(c) before seeking to remove the case, they would not only be in a position to ascertain the existence of federal jurisdiction, they would also have given their co-defendant Farm Dap a fair opportunity to exercise its right to veto such removal. There is no evidence as to whether Farm Dap had received service of the Complaint at the time the other defendants filed their Notice. While there is no express statutory requirement that defendants unanimously consent to removal, "there is widespread agreement ... that 'all named [defendants] must join in the removal petition for removal to be proper.'" *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (quoting *Town of Moreau v. State Dep't of Envtl. Conservation*, 1997 WL 243258, at *2 (N.D.N.Y. May 5, 1997)). As a technical matter, the failure by Parkinson and Price to secure such consent from Farm Dap may not be fatal if the latter has not yet been served. *See, e.g., Kopff v. World Research Group, LLC*, 298 F. Supp.2d 50, 59 (D.D.C. 2003) ("While unanimity of defendants' consent to removal is a cornerstone of the removal process, unanimity is not defeated if those defendants absent from the notice of removal were never served properly in the first instance."). But the fact that Parkinson and Price have failed to adduce any evidence of

5

service (or a lack thereof) upon Farm Dap suggests a further reason not to rush the removal procedure by joining in their needlessly premature speculation about the existence of federal diversity jurisdiction.

C. Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. Requiring Parkinson and Price to seek supplemental information under state law before attempting to remove the case places no meaningful burden on them that they will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, they will need to find out the extent of the damages that Jattan claims to have sustained. I decide no more than that they must seek out that information before coming to this court, not after, and that they must do so with the consent of all defendants that have been served with process. If the removing defendants learn that Jattan seeks damages in excess of $75,000, they may – with the consent of all defendants who have been served – seek to reopen the case in this court and Jattan will have to bear the burdens associated with the removal. On the other hand, if it turns out that Jattan does not claim more than $75,000 in damages or that defendant Farm Dap has been served with process but does not consent to removal, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it. *DeMarco*, 2006 WL 463504, at \*2.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's

authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the removing defendants to lodge any objections it may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

The removing defendants will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for the corporate defendants to file any objections they may have. Under the pertinent rules, a stay until May 7, 2007, will accomplish that purpose. *See* Fed. R.

7

Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time).  Should the removing defendants actually pursue such relief, they may of course apply to me or to the assigned district judge for a further stay pending resolution of their objections.[2]

D.  Conclusion

For the reasons set forth above, I respectfully direct the Clerk to enter an order remanding this case to the Supreme Court of the State of New York, Kings County.  In order to afford the removing defendants sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until May 7, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
April 19, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[2]  In addition, if the removing defendants can establish the amount in controversy before the stay elapses – either by virtue of information voluntarily provided by Jattan or by other means – and they are able to prove either that Farm Dap consents to the removal or that he has not been served with process, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.